■ In the Matter of GENE V. PULLO et al., Appellants. BONNIE WEISS, as Officer of Haco Canon Corp., et al., Respondents. [638 NYS2d 743] —In a proceeding pursuant to CPLR 2304 to quash three subpoenas duces tecum, the petitioners appeal

from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated February 15, 1995, as denied their application to quash the subpoenas to the extent they requested documents covering the period December 1, 1987, through December 31, 1993.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the branch of the petitioners' motion which was to quash the subpoena issued to Metro Fuel Oil Corp.; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

Pursuant to CPLR 311 (1), service upon a corporation shall be made by delivering the summons to an officer, director, managing agent, general agent, cashier, or assistant cashier, or to any other agent authorized by appointment or by law to receive service. In addition, service may be made upon someone whom the corporation cloaks with authority (see, Fashion Page v Zurich Ins. Co., 50 NY2d 265). Here, however, there was no evidence that the person who accepted the subpoena was authorized by appointment or law to accept service on the corporation's behalf other than the conclusory statement in the process server's affidavit that the person who accepted the subpoena was a managing agent. Thus, the matter is remitted to the Supreme Court for a hearing to determine whether the appellant Metro Fuel Oil Corp. was properly served.

The appellants' remaining contentions are without merit. Santucci, J. P., Krausman, Goldstein and Florio, JJ., concur.